ORTIZ & ORTIZ, L.L.P.
32-72 Steinway Street, Ste. 402
Astoria, New York  11103
Tel. (718) 522-1117
Fax (718) 596-1302
email@ortizandortiz.com
*Proposed Counsel to the Debtor*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re:                                                                   Case No.: 15-12969-smb

3920 BWY, REST. INC.,

                           Debtor.                              Chapter 11
-------------------------------------------------------X

### APPLICATION FOR ENTRY OF AN ORDER PURSUANT TO BANKRUPTCY CODE SECTION 327(a) AUTHORIZING THE EMPLOYMENT OF ORTIZ & ORTIZ, L. L.P., AS DEBTOR'S COUNSEL

TO THE HONORABLE STUART M. BERNSTEIN,
UNITED STATES BANKRUPTCY JUDGE;

      3920 Bwy, Rest. Inc., (the "Debtor"), by its proposed attorneys Ortiz & Ortiz, L.L.P. ("O &O"), respectfully represents:

### BACKGROUND

    1.     The Debtor filed a voluntary chapter 11 petition on November 4, 2015.

    2.     The Debtor operates a restaurant located at 3920 Broadway, New York, New York 10032.  The restaurant has been in business for over 12 years.  It has been embroiled with litigation with its landlord, and saddled with unpaid tax debt.  However, it has recently reached the terms of a settlement with the landlord that should permit the Debtor to move forward with its plan to reorganize its affairs.

3. The Debtor entered into a retainer agreement with O & O on October 8, 2015. The retainer agreement was conditioned upon the Debtor's payment of a $24,000 classic retainer to O & O and the Court's approval of its retention. The Debtor's president, Manuel Hernandez, Sr., provided O&O with full payment of the retainer prior to the bankruptcy filing. The source of the retainer was his personal funds.

4. Prior to the bankruptcy filing, the O & O expended approximately $5,810 in services in preparation of the filing, and paid the filing fee, from the retainer it received.

## RELIEF REQUESTED

### A. Retention as Bankruptcy Counsel

5. Subject to the Court's approval, the Debtor has retained O & O as its bankruptcy counsel to prosecute and complete its chapter 11 case. Pursuant to 11 U.S.C. § 327(a) of, the Debtor requests that the Court approve the employment of O & O as its attorneys to perform the legal services necessary to consummate its chapter 11 case. Since O & O began rendering limited services to the Debtor on or about October 8, 2015, O & O requests that the Court authorize its retention as of the filing date. Alternatively, O & O requests that the Court grant the Application as of the date it is filed with the court.

6. O & O anticipates rendering the following services to the Debtor:

a) perform all necessary services as Debtor's counsel that are related to the Debtor's reorganization and the bankruptcy estate;

(b) assist the Debtor in protecting and preserving the estate assets during the pendency of the chapter 11 case, including the prosecution and defense of actions and claims arising from or related to the estate and/or the Debtor's reorganization;

  (c) prepare all documents and pleadings necessary to ensure the proper administration of its case; and

  (d) perform all other bankruptcy-related necessary legal services.

7. The Debtor believes that O & O is qualified to represent its interest and the interests of the estate. Norma E. Ortiz, the partner responsible for the case, has over twenty five years of Chapter 11 bankruptcy law experience in the public and private sectors. O & O is willing to act in this case and render the necessary professional services as attorneys for the Debtor.

8. As set forth in the annexed Declaration of Norma E. Ortiz annexed hereto as Exhibit A, O & O previously represented the Debtor after it filed a Chapter 11 bankruptcy petition as a pro se debtor before its case was dismissed. O & O also represented the corporate entity known as Parilla Grill on two occasions in 2015: it represented Parilla Grill in prosecuting its pro se Chapter 11 case and it filed a Chapter 11 case on Parilla Grill's behalf. Parilla Grill previously owned and operated a restaurant, but it has ceased operating and surrendered its space to its landlord. Parilla Grill's shares were wholly owned by Gino Hernandez. Gino Hernandez is Mr. Manual Hernandez's nephew. Neither Parilla Grill nor Gino Hernandez are creditors of the Debtor, and Parilla Grill and the Debtor have no connection other than the familial relationship between their shareholders. Other than these instances of representation, O & O had no prior connection to the Debtor. As a result, O & O does not hold or represent an interest adverse to the Debtor's estate in the matters upon which O & O is to be employed, and O & O is "disinterested" as the term is defined in the Bankruptcy Code.

9. O & O intends to apply to the Court for the allowance of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code,

the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the local rules and orders of the Court.

10.    Subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules and the local rules and orders of the Court, the Debtor proposes to pay O & O its customary hourly rates as set forth in Norma E. Ortiz's Declaration and submits that such rates are reasonable.

**B.    Terms of Retention**

11.    The retainer agreement entered into by the Debtor provides that O & O shall receive a classic retainer, as that term is defined in In re King, 392 B.R. 62 (Bankr. S.D.N.Y. 2008). Such a retainer is earned when paid but is subject to the restrictions of the applicable provisions of the Bankruptcy Code, such as Section 329, and the Federal Rules of Bankruptcy Procedure. The retainer was paid to O & O from is from personal funds of the Debtor's president.

12.    O & O asserts that the terms of its retention are reasonable under Section 328 and should be approved. As set forth in the annexed Declaration, the amount of the retainer and hourly rates charged by O & O are average or below the amount typically sought in Chapter 11 cases in this district. O & O has successfully prosecuted Chapter 11 cases previously and has demonstrated competence in such cases. For these reasons, O & O and the Debtor request that the Court approve the terms of O & O's retention as set forth in the annexed retainer agreement.

13.    No previous application for the relief requested herein has been made to this or any other court.

[Remainder of Page Left Intentionally Blank]

WHEREFORE, the Debtor respectfully requests the entry of an order substantially in the form of the prefixed order granting the relief requested herein and such other and further relief as is just.

Dated: Astoria, New York
       February 10, 2016

                                                                                          */s/Norma E. Ortiz*
                                                                               Norma E. Ortiz, Esq.
                                                                                Ortiz & Ortiz, L.L.P.
                                                                                32-72Steinway Street, Ste. 402
                                                                                Astoria, New York  11103
                                                                                Tel. (718) 522-1117

**EXHIBIT A**
**DECLARATION OF NORMA ORTIZ**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

In re:                                                                                Case No. 15-12969-smb

3920 BWY, REST. INC.,                                                   Chapter 11

                        Debtor.
------------------------------------------------------X

**DECLARATION AND DISCLOSURE STATEMENT OF NORMA E. ORTIZ, ESQ.,
IN SUPPORT OF APPLICATION FOR RETENTION OF ORTIZ & ORTIZ, L.L.P.**

Norma E. Ortiz, states as follows:

1. I am an attorney at law admitted to practice before this Court and a member of the firm Ortiz & Ortiz, L.L.P ("O & O").

2. I am the partner primarily responsible for the Debtor's case. I have been involved in numerous reorganization and consumer bankruptcy cases over the last 25 years and possess the requisite experience and qualifications to serve as Debtor's counsel.

3. My firm has agreed to bill the Debtor at an hourly rate of $450 an hour for partners and $250 an hour and below for associates and attorneys serving as of counsel to my firm. We bill our paralegals time at $100 an hour and below. Our partners bill non-bankruptcy clients between $350 and $450 an hour, depending on – among other things – the complexity of the matter. Photocopying charges shall be billed at five cents a page; only long distance calls and faxes shall be billed to the estate. Any costs incurred by third party vendors will be billed to the estate at O & O's cost.

4. The Debtor has consented to our retention under a general retainer under these terms.

5. I know of no reason why O & O is not qualified to represent the Debtor in this

case. The firm had no prior connection to the Debtor before it was first consulted regarding the Debtor's financial difficulties other than the following:

      a.    O & O was engaged to represent the Debtor from May 5, 2015 through September 17, 2015. O & O received $5,000 in full satisfaction of $6,090 of legal services rendered for those services. O & O was engaged to serve as debtor's counsel in the Chapter 11 case filed by the Debtor, under Case No. 15-10847(shl). O & O assisted the Debtor in attempting to defend against a Motion to Dismiss its case, and attempt to prosecute its case, but the Debtor consented to the dismissal of its case after it was unable to come to a resolution with its landlord over, among other things, the Debtor's interest in its commercial lease. O & O received $5,000 from Mr. Manual Hernandez, Sr., the Debtor's sole shareholder, to render those services.

      b.    O & O was engaged to represent Parilla Grill Rest. Inc., under Case No. 15-10990(mg) from May 5, 2015, through August 5, 2015. O & O received $5,000.00 to commence rendering services to Parilla in connection with its pro se Chapter 11 case and to assist it in defending against a Motion to Dismiss its case. Parilla consented to the dismissal of its case during that period. O & O filed a subsequent Chapter 11 case for Parilla under Case No. 15-12210(jlg) on August 8, 2015. O & O received no retainer for commencing this case; it received payment of the filing fee from the debtor. Parilla's second case was dismissed after it lost its liquor license and did not have the ability to continue to operate as a restaurant. Parilla has surrendered its lease and ceased all operations.

      c.    The only connection between Parilla Grill and the Debtor is the familial relationship between the shareholders. Gino Hernandez, the sole shareholder of Parilla Grill, is the nephew of Manuel Hernandez, Sr. Manuel Hernandez, Sr., is the sole shareholder of the Debtor. Gino Hernandez informed the undersigned that Parilla Grill was not, and is not a creditor of the Debtor and has no interest in the Debtor.

      d.    O & O received a $24,000 classic retainer from Manuel Hernandez, Sr., on October 8, 2015, to prepare for and commence the instant case. Prior to the Debtor's present bankruptcy filing, O & O expended $5,810.00 in preparation of the filing, and paid the filing fee from the retainer.

      e.    O & O has not been engaged to represent Gino Hernandez, Manuel Hernandez, or any other entity owned or controlled by either shareholder. O & O had no prior connection with either shareholder, the Debtor, or Parilla Grill until it was retained to render the services discussed herein.

6.    Other than the foregoing, O & O neither represents nor has any connection to any

creditor or party in interest of the Debtor, other than in the ordinary course of its business.

7.    I was previously employed by the U.S. Trustee's office, but have no present connection to the office other than in the ordinary course of my practice.

8.    Any post-petition payments of compensation will be made pursuant to, among other things, the applicable Bankruptcy Code provisions and the Federal Rules of Bankruptcy Procedure.  Moreover, my firm is fully aware that all fees received as compensation for services to the Debtor are subject to the Court's approval for, among other things, reasonableness – regardless of the source of funds paid to my firm.

9.    My firm has not agreed to share compensation with any other person or entity.

I declare under the penalty of perjury that the foregoing is accurate and correct.

Dated: February 2, 2016
Astoria, New York

    /s/Norma Ortiz
Norma E. Ortiz
Ortiz & Ortiz, L.L.P.
32-72 Steinway Street, Ste. 402
Astoria, New York 11103
Tel. (718) 522-1117

# PROPOSED ORDER

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X

In re:                                                                                    Case No. 15-12969-smb

3920 BWY, REST. INC.,
                                                                                              Chapter 11
                        Debtor.
-----------------------------------------------------X

## ORDER PURSUANT TO SECTION 327(a) OF THE BANKRUPTCY CODE AUTHORIZING THE EMPLOYMENT OF ORTIZ & ORTIZ, L.L.P. AS ATTORNEYS FOR THE DEBTOR

Upon the application (the "Application") of 3920 Bwy, Rest. Inc.(the "Debtor"), as debtor and debtor in possession, dated February 10, 2016, for entry of an order pursuant to 11 U.S.C. § 327(a) authorizing and approving the employment of Ortiz & Ortiz, L.L.P. ("O & O") as its attorneys under a classic retainer; upon the Declaration of Norma E. Ortiz, Esq., a member of the firm of O & O; it appearing that the members of O & O are admitted to practice before this Court; the Court being satisfied that O & O represents no interest adverse to the Debtor and its estate as to the matters upon which it is to be engaged, is disinterested under 11 U.S.C. §101(14), and that the employment of O & O is necessary and in the best interest of the Debtor and its estate; due notice of the Application having been given to the United States Trustee, and it appearing that no other or further notice need be given; sufficient cause appearing therefore, it is

ORDERED, that the Application is granted to the extent set forth herein; and it is further

ORDERED, that pursuant to 11 U.S.C. § 327(a) of the Bankruptcy Code, the Debtor is authorized to employ O & O as its attorneys under the terms and conditions set forth in the Application; and it is further

ORDERED, that prior to any increases in O & O rates for any individual retained by O & O and providing services in this case, O & O shall file a supplemental affidavit with the Court and provide ten business days' notice to the Debtor, the United States Trustee and any official committee. The supplemental affidavit shall explain the basis for the requested rate increases in accordance with Section 330(a)(3)(F) of the Bankruptcy Code and state whether O & O's client has consented to the rate increase. The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to Section 330 of the Bankruptcy Code.

Dated: New York, New York
       February    , 2016

                                         HON. STUART M. BERNSTEIN
                                         U.S. BANKRUPTCY JUDGE

NO OBJECTION:

_____
Office of the United States Trustee